Follett, J.
Is Brady the duly elected city clerk?
The regularity of his election is admitted, provided Thornton was not entitled to the office until April, 1885.
This presents the question, when should Thornton’s term of office end ? On March 15, 1869, the following provision became the law (66 Ohio L. 25). “The qualified voters of each city of the second class shall, on the first Monday of April, 1869, and every second year thereafter, elect... a city clerk, who shall hold his office for two years.” This fixed a definite term of office for city clerk. Newark was then a city of the second class, and on the first Monday of April, 1869, elected a city clerk for the term of two years.
On May 7, 1869, the above act of March 15, 1869, was amended, and the municipal code was'passed, which took effect July 1, 1869.
This revision did not cause any change in the law except as is specifically provided. State v. Perrysburgh, 14 Ohio St. 472; State v. Newton, 26 Ohio St. 206.
Section 60 (66 Ohio L. 160), provides, “ the officers of cities of the. second class shall consist of a mayor, clerk, treasurer, ... all of whom shall be'elécted: ” etc.
Section 62 provides, “ All officers who are elected shall serve for two years and until their successors are elected and qualified, and all officers who are appointed shall serve for one year and until their successors are appointed and qualified.”
Section 60 above was amended April 18, 1870 (67 Ohio L. 68), so as to provide : “ the officers of cities of the second class shall consist of a mayor, treasurer, ... all of whom shall be elected by the qualified electors of the city ; and a clerk, who shall be chosen by the council; provided, that all clerks heretofore chosen or elected shall hold their office until the expiration of the term for which they were chosen or elected.”
*507 The city clerk, who was elected April, 1869, held his office until April, 1871, when the council elected his successor.
Rut it is claimed that the office of a city clerk chosen by the council, is held by appointment and not by election; and that the term of office of such city clerk, is but one year, as provided by section 65 above, being section 1709 of the Revised Statutes.
In State v. Squire, 39 Ohio St. 197, it is held: “ 1. The office of clerk, in the cities of the second class, is held by election, and not by appointment, within the meaning of section 1709 of the Revised Statutes. 2. The term of office of such clerk is two years.”
We are asked to reverse that decision, and able arguments are presented why it should be reversed ; but we think it better to let the decision stand.
This determines that the term of this office is two years : and by the above acts of ” March 15, 1869, and of April 18, 1870, the term began April 1869, and ended April 1871. No statute since then has changed or fixed the beginning or the ending of such a term of office. So this term began April, 1883, and ends April, 1885.
The practice of the council to elect a city clerk each year, did not change the term of office. Stadler v. City of Detroit, 13 Mich. 356. And Thornton’s knowledge of such practice did not change his term of office.
The record of the council showing its doings on April 16, 1883, contains the following : “ Thomas G. Thornton was then nominated for clerk and auditor of said city for the coming term, a yea and nay vote was then taken.. . Thomas G. Thornton was then declared elected as clerk and auditor.”
It is claimed that “ coming term ” should read “ coming year” and that the word “ year ” was written therein, and the record approved, and that it was erased since the record was approved by the council, and the word“ term” placed in its stead. But the testimony is, that the record is now as it wa.s when approved by the council.
This bi’ings us to the conclusion, that Thornton’s term of *508 office as city clerk does not expire until April, 1885 ; and that lie is entitled to bold this office until that time, unless be bas abandoned tbe same or is estopped from claiming tbe same.
Tbe record remaining as it is, there is no act of abandonment or estoppel shown, except being a candidate for re-election in April, 1884. This is notan abandonment and does not estop Thornton from claiming tbe office. Turnipseed v. Hudson, 50 Miss. 429 ; State v. Bryce, 7 Ohio, pt. 2, 82.
There was no vacancy in tbe office of city clerk of Newark in April, 1884; and Brady was not duly elected to that office.

Judgment of ouster and judgment of induction.